UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 23-cv-21014-BLOOM/Otazo-Reyes**

MARIANNE HAZELITT,

      Plaintiff,

v.

ROYAL CARIBBEAN CURISES, LTD,
d/b/a ROYAL CARIBBEAN GROUP,
DOLPHIN ENCOUNTERS, LTD., and
XYZ DEFENDANT(S),

      Defendants.

_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Royal Caribbean Cruises Ltd.'s ("Royal Caribbean" or "Defendant") Motion to Dismiss Plaintiff's Complaint, ECF No. [12] ("Motion"). Plaintiff Marianne Hazelitt filed a Response in Opposition, ECF No. [17], to which Defendant filed a Reply, ECF No. [18]. The Court has reviewed the Motion, Response, Reply, the record in this case, applicable case law, and is otherwise fully advised. For the reasons set forth below the Motion is granted in part and denied in part.

## I.    BACKGROUND

On March 13, 2023, Plaintiff initiated the instant case alleging eleven counts against Royal Caribbean and Co-Defendants Dolphin Encounters Ltd. ("Dolphin Encounters") and XYZ Defendant(s) (collectively, "Defendants"). Plaintiff alleges she sustained an injury to her right knee on March 21, 2022, while disembarking a ferry in order to travel to and access an excursion. ECF No. [1] ¶¶ 27, 29, 32, 34. Plaintiff alleges that Royal Caribbean is a cruise line operator who owned, operated, managed, maintained, and/or controlled the *Harmony of the Seas* cruise ship

aboard which she was a paying passenger. ECF No. [1] ¶ 14, 16. Dolphin Encounters primarily operated the excursion on which Plaintiff sustained her injury, *id.* ¶ 28, and the XYZ Defendants were included in the Complaint "to represent the owner(s) and/or operator(s) of the subject excursion upon which Plaintiff became injured, insofar as such entity has a different name than the named Defendants[,]" *id.* ¶ 4. Plaintiff asserts 11 counts: Count I: Misleading Advertising in Violation of Florida Statute § 817.41 (all Defendants), Count II: Negligent Misrepresentation (all Defendants), Count III: Negligent Selection and/or Retention (Royal Caribbean), Count IV: Negligent Failure to Warn (Royal Caribbean), Count V: General Negligence (Royal Caribbean), Count VI: Negligent Failure to Warn (Dolphin Encounters and XYZ Defendants), Count VII: General Negligence (Dolphin Encounters and XYZ Defendants), Count VIII: Negligence Based on Apparent Agency or Agency by Estoppel (all Defendants), Count IX: Negligence Based on Joint Venture (all Defendants), Count X: Third-Party Beneficiary (all Defendants), and Count XI: Breach of Non-Delegable Duty (Royal Caribbean). *See generally id.*

On May 29, 2023, Royal Caribbean filed the instant Motion seeking dismissal of Plaintiff's Complaint, contending that the Complaint "fails to state a cause of action for which relief can be granted." ECF No. [12] at 1. Plaintiff responds that the allegations in her Complaint are sufficiently pled and that the Court should deny the Motion in its entirety. *See generally* ECF No. [17].

## II.   LEGAL STANDARD

### A.  Failure to State a Claim

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007);

*see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Additionally, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955. If the allegations satisfy the elements of the claims asserted, a defendant's motion to dismiss must be denied. *See id.* at 556.

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true."); *Iqbal*, 556 U.S. at 678.

### B.  General Maritime Law

In cases involving alleged torts "committed aboard a ship sailing in navigable waters," the applicable substantive law is general maritime law, the rules of which are developed by the federal courts. *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1320 (11th Cir. 1989) (citing *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 628 (1959)); *see also Everett v. Carnival Cruise Lines*, 912 F.2d 1355, 1358 (11th Cir. 1990) ("Because this is a maritime tort, federal admiralty law should control. Even when the parties allege diversity of citizenship as the basis of the federal court's jurisdiction (as they did in this case), if the injury occurred on navigable waters, federal maritime law governs the substantive issues in the case."). In the absence of well-developed

maritime law, courts may supplement the maritime law with general common law and state law principles. *See Smolnikar v. Royal Caribbean Cruises, Ltd.*, 787 F. Supp. 2d 1308, 1315 (S.D. Fla. 2011).

## III.   DISCUSSION

Defendant moves for dismissal of each count of Plaintiff's Complaint, asserting that the claims are either unsupported by sufficient factual pleading or contradicted by extrinsic documents Plaintiff made central to her Complaint. *See generally* ECF No. [12]. Plaintiff responds that each claim is sufficiently pled and that the Court should not consider extrinsic evidence not specifically attached or made central to each claim in assessing Defendant's Motion. *See generally* ECF No. [17]. The Court addresses the parties' arguments as they relate to each Count.

### C.   Counts I and II: Misleading Advertising and Negligent Misrepresentation

Defendant argues that Plaintiff's claims for misleading advertising and negligent misrepresentation should be dismissed because the Complaint "is devoid of facts supporting allegations that the representations [Defendant] made were in any way false." ECF No. [12] at 3. Defendant also contends that Plaintiff's claimed misrepresentation is contradicted by materials Plaintiff references, including the Passenger Ticket Contract. *Id*. at 4. Defendant further asserts that "even if Plaintiff had pled supporting facts, it remains that the majority of the representations that [Plaintiff] identifies are not actionable under the law." *Id*. at 5. Plaintiff responds that "the Complaint contains a truthful pleading of facts regarding misrepresentations made by [Defendant]" and the Court should therefore find Plaintiff's claims for misleading advertising and negligent misrepresentation are sufficiently pled. ECF No. [17] at 3.

To state a claim for negligent misrepresentation in Florida, a plaintiff must allege:

(1) a misrepresentation of a material fact; (2) that the defendant made the representation without knowledge as to its truth or falsity, or under circumstances

in which he ought to have known of its falsity; (3) that the defendant intended that the misrepresentation induce another to act on it; and (4) injury must result to the party acting in justifiable reliance on the misrepresentation.

*Souran v. Travelers Ins. Co.*, 982 F.2d 1497, 1503 (11th Cir. 1993).

To assert a claim for misleading advertising under § 817.41, Fla. Stat., a plaintiff must plead that: "(1) the representor made a misrepresentation of a material fact; (2) the representor knew or should have known of the falsity of the statement; (3) the representor intended that the representation would induce another to rely and act on it; and (4) the plaintiff suffered injury in justifiable reliance on the representation." *Colonial Van Lines, Inc. v. Colonial Moving & Storage, LLC*, No. 20-CV-61255, 2020 WL 6700449, at *4 (S.D. Fla. Oct. 20, 2020).

Defendant relies primarily on *Zhang v. Royal Caribbean Cruises, Ltd.*, No. 19-CV-20773, 2019 WL 8895223, at *5-6 (S.D. Fla. Nov. 15, 2019) and contends that Plaintiff's claim is inadequately pled. In *Zhang*, the court dismissed plaintiff's claims for negligent misrepresentation and misleading advertising, where the court found that the plaintiff "fails to supply facts showing that a particular statement was false" and failed to explain how his reliance on the alleged misrepresentations resulted in his injuries. *Id*. The *Zhang* court also found that many of the misrepresentations alleged were not actionable because general promises of safe, reliable excursions, are "considered mere puffery and cannot, therefore, support a claim for misrepresentation." *Id*. at 6.

Plaintiff responds, citing *Barham v. Royal Caribbean Cruises Ltd.*, 556 F. Supp. 3d 1318, 1326-27 (S.D. Fla. 2021), *appeal dismissed,* No. 21-13119-JJ, 2021 WL 6197353 (11th Cir. Nov. 22, 2021). The *Barham* court declined to dismiss the plaintiff's claim for negligent misrepresentation, because (1) the court found that the facts were sufficiently pled because "it was empirically demonstrable that a volcanic eruption was more likely than usual"; (2) "some of the alleged misrepresentations here are more specific than general promises of safety"; and (3) where

complaints are met with puffery defenses the motion to dismiss is due to be denied when the negligent misrepresentation claims are well-pled. *Id*. at 1326-27.

The allegations in the Complaint are sufficient to plead claims for negligent misrepresentation and misleading advertising. Unlike *Zhang*, where the allegations were limited to general allegations of promises of a safe, reliable excursion, Plaintiff has alleged more than general promises of safety. *See generally* ECF No. [1]. Plaintiff also pled factual allegations incorporated into those counts that the ferry provided was not safe, did not contain sufficiently staffed crew, and was not equipped with adequate equipment despite representations and advertisements that the excursion was safe, and Plaintiff would receive adequate transportation, instruction and/or assistance. *Id*. ¶¶ 21-25. Plaintiff specifically alleged that the misrepresentations involved the activity level and proprietary interest in addition to misrepresentations about general safety, insurance, and jurisdiction. *Id*. ¶¶ 49, 57. The facts alleged include that Plaintiff embarked on a ferry, as required to travel to and access the subject excursion, and once again embarked on the ferry in order to leave. *Id*. ¶¶ 29, 30. She alleges that to disembark the ferry as required during low tide she "was instructed and required to cross over an unreasonably long distance between the ferry and the pier." *Id*. ¶ 30. She asserts that during her attempts to disembark, a tour guide on the ferry pushed her up while a tour guide on the pier pulled her up during which her right knee was rotated causing her pain. *Id*. ¶ 31. Plaintiff alleges that she was not given adequate spacing or time, assistance, equipment, or an alternative means to safely disembark the ferry. *Id*. ¶ 33.

In Counts I and II, Plaintiff specifically alleges that she relied on Defendant's misrepresentations and advertisements and, based on that reliance, she was exposed to dangerous conditions that caused her injury, physical pain, mental anguish, and other damages. *Id*. ¶¶ 53, 54, 61, 62. Those allegations support the finding that Plaintiff has adequately pled Counts I and II.

### D.  Count III: Negligent Selection and/or Retention

Defendant argues that Count III should be dismissed because "Plaintiff's Complaint fails to allege sufficient facts regarding the inquiry [Defendant] made concerning [Dolphin Encounters] prior to contracting with them" and "lacks factual allegations supporting that [Dolphin Encounters] was unfit or incompetent, let alone that lack of fitness or competence proximately caused Plaintiff's alleged injuries." ECF No. [12] at 6. Plaintiff responds that "Plaintiff specifically and sufficiently pled facts as to [Dolphin Encounters'] incompetence." ECF No. [17] at 5. Plaintiff further contends that she specifically pled that Defendant knew or should have known of Dolphin Encounters' incompetence.  *Id*. at 6.

"Though cruise ship owners ... cannot be held vicariously liable for the negligence of an independent contractor, it is well-established that they may be liable for negligently hiring or retaining a contractor." *McLaren v. Celebrity Cruises, Inc.*, No. 11-23924-CIV, 2012 WL 1792632, at *4 (S.D. Fla. May 16, 2012) (quoting *Smolnikar*, 787 F. Supp. 2d at 1318). Negligent hiring occurs when, "prior to the time the employee is actually hired, the employer knew or should have known of the employee's unfitness, and the issue of liability primarily focuses upon the adequacy of the employer's pre-employment investigation into the employee's background." *Mumford v. Carnival Corp.*, 7 F. Supp. 3d 1243, 1249 (S.D. Fla. 2014) (citing *Williams v. Feather Sound, Inc.*, 386 So. 2d 1238 (Fla. 2d DCA 1980)).

To state a claim for negligent hiring, a plaintiff must allege "(1) that an employee or independent contractor (like an excursion entity) was incompetent or unfit to perform the work provided; (2) that Defendant knew [or] reasonably should have known of the particular incompetence or unfitness; and (3) that the competence or unfitness proximately caused the injuries." *Kennedy v. Carnival Corp.*, 385 F. Supp. 3d 1302, 1334 (S.D. Fla. 2019) (citing

*Smolnikar*, 787 F. Supp. 2d at 1318), *report and recommendation adopted,* No. 18-CV-20829, 2019 WL 2254962, at *1 (S.D. Fla. Mar. 21, 2019).

In her Complaint, Plaintiff alleged that pursuant to Defendant's excursion approval process, "[D]efendant is supposed to verify whether the operator and its agents are qualified, competent and whether they reasonably deliver safe instructions to tour guests." ECF No. [1] ¶ 38. The Complaint further alleges that "[p]art of the approval process also entails [Defendant's] representatives inspecting the excursion being proposed, including the transportation and vessels utilized, equipment, and operations." *Id*. On the date of her incident, she was not provided a reasonably safe excursion or "adequate instruction regarding how to safely disembark the ferry." *Id*. ¶ 66. Defendant and Dolphin Encounters failed to select reasonably safe transportation, to reasonably warn her of the dangers she would or could experience, failed to employ a reasonable number of tour guides, and failed to provide her with an alternate means to safely disembark the ferry. *Id*. Plaintiff specifically alleges that on the date of her incident, she was not given adequate spacing or time, assistance, equipment, or an alternative means to safely disembark the ferry. *Id*. ¶ 33.

To support its argument that the allegations are insufficient, Defendant relies on cases from this district, including *Woodley v. Royal Caribbean Cruises, Ltd.*, 472 F. Supp. 3d 1194 (S.D. Fla. 2020). There, the defendant similarly argued that plaintiffs did not sufficiently plead a claim for negligent selection and retention. *Id*. at 1205. The *Woodley* court agreed, finding that the plaintiffs "insufficiently alleged facts supporting the second element of both negligent selection and negligent retention." *Id*. That court held that an allegation that the defendant had a team of employees overseeing contractors and inspecting a contractor's operations was insufficient to meet the necessary pleading of the defendant's knowledge of the contractor's incompetence or unfitness.

*Id*. Similarly, in *Munday v. Carnival Corp.*, the court found the allegations were deficient because they did not allege what the excursion operator's unreasonably dangerous practices were, or how the cruise line would know that the operator was unfit. No. 16-CV-24841, 2017 WL 5591640, at *3 (S.D. Fla. July 18, 2017).

Here, Plaintiff correctly points out that the allegations in ¶ 67 of her Complaint provide significantly more detail, including that Defendant knew or should have known of the conditions of Dolphin Encounters' excursion which caused her injury because of Defendant's initial approval process, yearly inspections, and prior incidents. ECF No. [17] at 6 (citing ECF No. [1] ¶ 67).

The Court finds that the allegations are sufficient. In *Blow v. Carnival Corp.*, there were similar allegations that a cruise line defendant should have acquired notice though the "initial approval process or its yearly inspections of the subject excursion" where the excursion operator did "not provide adequate instructions," and other inadequacies.  Those allegations were "more than sufficient to demonstrate that Carnival knew or reasonably should have known of [the excursion operator's] alleged incompetence." *Blow*, No. 22-CV-22587, 2023 WL 3686840, at *8 (S.D. Fla. May 26, 2023). The allegations here include nearly identical allegations related to the initial approval process, inspections, and unfitness of Dolphin Encounters to provide the excursion safely.

 Accordingly, accepting the allegations in the Complaint as true, Plaintiff has sufficiently pled sufficient facts to support each element of a claim for negligent selection and/or retention. Count III is not due to be dismissed.

### E.  Counts IV and V: Negligent Failure to Warn and General Negligence

Next, Defendant contends that Counts IV and V should be dismissed because they "seek to impose heightened duties of care that [Defendant] did not owe under general maritime law" and

"fail to allege facts showing that [Defendant] knew or should have known of any dangerous condition that allegedly caused Plaintiff's injuries." ECF No. [12] at 8. Plaintiff responds that it correctly pled Defendant's duty and that it "specifically alleged the subject excursion was unreasonably dangerous due to the conditions referenced in paragraph 35 of the Complaint." ECF No. [17] at 8-9.

Generally, "[o]nce [a] passenger leaves the ship, a cruise ship operator 'only owes its passengers a duty to warn of known dangers in places where passengers are invited or reasonably expected to visit.'" *Thompson v. Carnival Corp.*, 174 F. Supp. 3d 1327, 1340 (S.D. Fla. 2016). "Although generally the duty to warn is the most relevant duty regarding off-vessel excursions, a cruise ship might have additional obligations under the reasonable care standard, if, for example, there is an agency relationship between the cruise ship and the excursion operator." *Bailey v. Carnival Corp.*, 369 F. Supp. 3d 1302, 1310 (S.D. Fla. 2019) (internal quotation marks and citation omitted). "The duty to warn of known dangers beyond the ship is, in fact, a subset of the general duty a of reasonable care that a shipowner owes to its passengers." *Blow*, 2023 WL 3686840, at *8.

In Count IV, Plaintiff alleges that Defendant breached its duty to warn by: (a) failing to adequately warn of dangers associated with participating in the excursion, (b) not providing adequate instructions, (c) not warning that she would not have adequate or safe transportation, (d) not warning that she would not be given alternate means of transportation when required to embark/disembark in light of the weather and sea conditions, (e) not warning that she would not be provided with adequate assistance during the subject excursion, and (f) not being warned that Dolphin Encounters did not employ a reasonable number of tour guides. ECF No. [1] ¶ 72. Count V similarly pleads the following unsafe conditions about which Plaintiff asserts Defendant

Case No. 23-cv-21014-BLOOM/Otazo-Reyes

breached its duty to provide reasonable care under the circumstances: (a) failure to provide a reasonably safe excursion, (b) failure to actively monitor embarkation and disembarkation, (c) failure to provide adequate instruction about safely disembarking the ferry, (d) failure to provide transportation equipped to handle embarkation and disembarkation, (e) failure to provide transportation with suitable equipment, (f) failure to position the ferry to allow for safe disembarkation, (g) requiring Plaintiff to transverse unreasonably long distance between uneven surfaces, (h) failure to provide adequate and safe transportation, (i) failure to assess weather and sea conditions, (j) failure to warn of dangers, (k) failure to provide adequate staff, and (l) failure to provide trained or qualified staff. *Id.* ¶ 76.

As in *Blow*, considering the allegations pled by Plaintiff, the Court "cannot and will not say at this stage that the Plaintiffs' allegations are insufficient to support their negligence claims, that Carnival did not owe any duty other than the duty to warn, or that Carnival did not even owe a duty to warn." *Blow*, 2023 WL 3686840, at *9. The Court is therefore left with Defendant's alternative argument that "Plaintiff fails to allege that Plaintiff knew of or should have known about any specific dangerous condition that caused Plaintiff's alleged incident." ECF No. [12] at 10.

As the Court explained above, Plaintiff's allegations in ¶ 38 of the Complaint, which were incorporated by reference into both Count IV and Count V, sufficiently sets forth the basis for Defendant's knowledge. The instant case is distinguishable from those cases cited by Defendant in which courts in this district found that the plaintiffs failed to provide factual support or explain how cruise line operators' inspections could have alerted them to the dangerous conditions. ECF No. [12] at 11 (citing *Thompson v. Carnival Corp.*, 174 F. Supp. 3d 1327, 1341 (S.D. Fla. 2016); *Hoard v. Carnival Corp.*, No. 14-CV-23660, 2015 WL 1954055, at *2 (S.D. Fla. Apr. 17, 2015)).

11

Here, Plaintiff specifically alleges that:

> Part of the approval process also entails [Defendant's] representatives inspecting the excursion being proposed, including the transportation and vessels utilized, equipment, and operations. Accordingly, taking the subject excursion under similar conditions that Plaintiff experienced did or should have revealed the [Dolphin Encounters'] insufficient and/or inadequate policies and procedures, transportation, assistance, equipment, instruction, and/or supervision involving the excursion, as well as their inexperienced and untrained employees that were unable and did not give Plaintiff adequate disembarkation assistance, instructions, or alternate means to disembark the ferry.

ECF No. [1] ¶ 38.

Plaintiff has alleged that the initial approval and continued inspections of Dolphin Encounters by Defendant were sufficient for Defendant to have knowledge of the unsafe conditions about which Plaintiff claims she should have been warned and for which she claims Defendant was negligent. The Court therefore finds that Counts IV and V are adequately pled and do not warrant dismissal.

### F.  Count VIII: Negligence Based on Apparent Agency or Agency by Estoppel

Defendant argues that Plaintiff's claim for vicarious liability should be dismissed because Plaintiff's underlying negligence claim is deficient, and Plaintiff's theory of apparent agency fails because it is contradicted by materials referenced in the Complaint. ECF No. [12] at 12-13. Plaintiff responds that Count VIII sufficiently alleges that Defendant is vicariously liable for Dolphin Encounters' negligence because Dolphin Encounters was an agent of Defendant. ECF No. [17] at 10.

"[A]bsent any statutory mandate to the contrary, the existence of an agency relationship is a question of fact under the general maritime law." *Franza v. Royal Caribbean Cruises, Ltd.*, 772 F.3d 1225, 1235-36 (11th Cir. 2014). "Under federal maritime law, a defendant can be held vicariously liable through the doctrine of apparent agency." *Twyman v. Carnival Corp.*, 410 F. Supp. 3d 1311, 1323 (S.D. Fla. 2019). "Apparent agency will be established when: 1) the alleged

principal makes some sort of manifestation causing a third party to believe that the alleged agent had authority to act for the benefit of the principal, 2) that such belief was reasonable and 3) that the claimant reasonably acted on such belief to his detriment." *Doonan v. Carnival Corp.*, 404 F. Supp. 2d 1367, 1371 (S.D. Fla. 2005). "In Florida, agency by estoppel is nearly the same as apparent agency. The Eleventh Circuit does not even consider the two separately." *Belik v. Carlson Travel Group, Inc.*, 864 F. Supp. 2d 1302 (S.D. Fla. 2011).

The Court has already determined that Plaintiff's underlying negligence claim does not warrant dismissal. As such, it considers only the theory that the vicarious liability claim fails because it is contradicted by materials central to the Complaint. Defendant specifically argues that "Plaintiff's contention she unaware [sic] that the excursion was not operated by [Defendant] is contradicted by the very materials she references in the Complaint, which unequivocally establish that all excursions were operated by independent contractors." ECF No. [12] at 13. Defendant argues that the contradiction makes Plaintiff's allegations unreasonable as a matter of law. In support of the proposition that where a ticket contract categorizes an entity as an independent contractor, a belief that an agency relationship exists is unreasonable as a matter of law, Defendant cites *Wajnstat v. Oceania Cruises, Inc.*, No. 09-CV-21850, 2011 WL 465340, at *4 (S.D. Fla. Feb. 4, 2011). However, that decision was abrogated by the Eleventh Circuit in *Franza. See Franza*, 772 F.3d at 1235-37. There the Eleventh Circuit declined to consider the passenger ticket contract at the early stage of the proceedings and reversed the district court's dismissal of an apparent agency claim, finding that the plaintiff "plausibly alleged all of the elements of apparent agency." *Id*. at 1237-38, 1249, 1253.

However, unlike in *Franza*, the excursion ticket contract here is central to Plaintiff's Complaint. *See id*. at 1237-38 (finding the ticket contract was not attached to the complaint or

mentioned in the complaint); ECF No. [1] ¶¶ 20-24. Although not attached to the Complaint, the excursion ticket contract is mentioned multiple times in Plaintiff's Complaint, and she says specifically that she was provided with the excursion tickets and materials. ECF No. [1] ¶ 24.

Nevertheless, this Court is still bound by the Eleventh Circuit's decision in *Franza* that instructs the district court not to consider the ticket contract at the motion to dismiss stage because "even if we were to look to the contract at this stage, we would not consider the nurse and doctor to be independent contractors simply because that is what the cruise line calls them." *Franza* at 1238. The Court is not persuaded by Defendant's argument that Plaintiff's reliance on *Franza* is misplaced because there is no ambiguity within the documents. ECF No. [18] at 8.

Here, Plaintiff has sufficiently alleged the facts that created the ambiguity and states a claim for apparent agency. *See* ECF No. [1] ¶¶ 90-97. The allegations in Count VIII include that Defendant made manifestations which caused Plaintiff to believe an agency relationship existed including: allowing its name to be utilized in connection with advertising the excursion, arranging for the subject excursion, marketing the subject excursion using Defendant's company logo, collecting the fee for and issuing the receipt for the excursion, and recommending Plaintiff not engage in excursions, tours, or activities, not sold through Defendant. *Id*. ¶ 92. The Complaint further explains that Plaintiff reasonably believed an agency relationship between Defendant and co-Defendants Dolphin Encounters and XYZ Defendants existed because "Plaintiff booked, paid for and made all necessary arrangements for the subject excursion with [Defendant]." *Id*. ¶ 94. Recent case law from this district cited by Plaintiff further supports the sufficiency of the allegations. *See e.g.*, *Heller v. Carnival Corp.*, 191 F. Supp. 3d 1352, 1362 (S.D. Fla. 2016); *Brown v. Carnival Corp.*, 215 F. Supp. 3d 1312, 1318 (S.D. Fla. 2016).

Given the sufficiency of the allegations in Count VIII of the Complaint, the Court declines to dismiss Count VIII.

### G.  Count IX: Negligence Based on Joint Venture

Defendant argues that because the underlying negligence claim fails, so should Count IX and, "even assuming *arguendo* that the negligence claim was sufficiently pled, the joint venture claim still fails as a matter of law." ECF No. [12] at 14. Plaintiff responds that the Court should not consider the Tour Operator Agreement ("TOA") between Defendant and Dolphin Encounters on which Defendant relies and that "[a]t a minimum, these provisions create a question of fact as to whether or not the parties conduct formed a joint venture." ECF No. [17] at 16-17.

To assert a joint venture theory of negligence liability, a plaintiff must allege the following elements: "(1) a community of interest in the performance of a common purpose; (2) joint control or right of control; (3) a joint proprietary interest in the subject matter; (4) a right to share in the profits; and (5) a duty to share in any losses which may be sustained." *Fojtasek v. NCL (Bahamas) Ltd.*, 613 F.Supp.2d 1351, 1357 (S.D.Fla.2009).

The Court previously found the underlying negligence claim sufficiently pled, and therefore only addresses Defendant's argument that the joint venture claim fails as a matter of law. Defendant specifically argues that the "Complaint contains mere recitals of the elements of joint venture with no supporting factual basis" and that the TOA directly contradicts Plaintiff's allegation that the parties intended to create a joint venture. ECF No. [12] at 15.

Plaintiff responds that she did not "reference or rely on the TOA, and as such, the Court should not consider it." ECF No. [17] at 16. However, while not specifically referenced as the TOA, Plaintiff alleges that Defendant and co-Defendants Dolphin Encounters and XYZ Defendant(s) "entered into an agreement where [Defendant] would sell the subject excursion to its

passengers and [Dolphin Encounters] and XYZ DEFENDANT(S) would operate the subject excursions." ECF No. [1] ¶ 99. The Court therefore rejects Plaintiff's contention that she did not reference the TOA and finds that it is appropriate to consider in resolving that portion of the Motion. *See Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) ("[W]here the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment.").

The terms of the TOA explicitly state that "[n]othing related in this agreement shall be construed as constituting Operator and Cruise Line as partners, or as treating the relationship of employer and employee, franchisor and franchisee, master and servant or principal and agent or joint venture between the Parties hereto." ECF No. [12-4] § 10. Defendant cites multiple cases from this district where courts dismissed similar claims after examining similar language in the relevant tour operator agreements. *See* ECF No. [12] at 15-16. In the first, *Zapata v. Royal Caribbean Cruises, Ltd.*, the court concluded that "[t]he unambiguous language of the Tour Operator Agreement directly contradicts Plaintiff's allegations and warrants the dismissal of Plaintiff's joint venture claim." No. 12-CV-21897, 2013 WL 1296298, at *6 (S.D. Fla. Mar. 27, 2013). That court dismissed the joint venture claim with prejudice. *Id*. In *Doria v. Royal Caribbean Cruises, Ltd.*, another court dismissed with prejudice a claim for negligence based on joint venture against the same Defendant where the TOA included an identical provision to the one Defendant points to as dispositive in this case. No. 19-CV-20179-KMW, 2019 WL 13151601, at *5-6 (S.D. Fla. June 20, 2019).

Plaintiff responds by citing an Eleventh Circuit decision in which the court noted that regardless of self-serving testimony, the conduct of the parties is the decisive evidence of whether parties created a joint venture. *Fulcher's Point Pride Seafood, Inc. v. M/V Theodora Maria*, 935 F.2d 208, 213 (11th Cir. 1991). Plaintiff also cites to *Slater v. Energy Services Group Intern., Inc.*, in which the Eleventh Circuit held that "[t]he court must look at the contract as a whole, the parties, and the purpose of the agreement to best determine the intent of the parties in interpreting the agreement." 634 F.3d 1326, 1330 (11th Cir. 2011).

Although certainly noteworthy in establishing principles of contract interpretation, Plaintiff's cited authority does not directly challenge or present a case for disregarding the recent decisions from this circuit cited by Defendant. The language in the TOA explicitly contradicts the allegations in Count IX rendering Plaintiff's alleged belief that Defendant and Dolphin Encounters and XYZ Defendants were engaged in a joint venture totally in conflict with a material on which she was given. Because Plaintiff has not distinguished this case from those in this district which found substantially similar claims subject to dismissal under substantially similar circumstances, the Court finds that Count IX must be dismissed with prejudice.

### H. Count X: Third-Party Beneficiary

Defendant asserts that Count X should be dismissed with prejudice because of the disclaimer language in the TOA. ECF No. [12] at 16-17. Plaintiff responds that the allegations are sufficient at this stage because the allegations make clear that Defendant and Dolphin Encounters entered into a contract for the benefit of Defendant's passengers, including Plaintiff. ECF No. [17] at 18-19.

"To plead a breach of a third-party beneficiary contract, Plaintiff must allege (1) the existence of a contract to which Plaintiff is not a party; (2) an intent, either expressed by the parties,

or in the provisions of the contract, that the contract primarily and directly benefit Plaintiff; (3) breach of that contract by one of the parties; and (4) damages to Plaintiff resulting from the breach." *Aronson v. Celebrity Cruises, Inc.*, 30 F. Supp. 3d 1379, 1398 (S.D. Fla. 2014).

Defendant relies on language from the TOA to support its position. Specifically, Defendant points to the portion of the TOA that reads "[o]ther than as expressly set forth herein, this Agreement shall not be deemed to provide third parties with any remedy, claim, right or action or other right." ECF NO. [12] at 17 (quoting ECF No. [12-4] at ¶ 12.11). Defendant cites multiple cases from this district in which cases were dismissed with prejudice because of substantially similar disclaimers. *Id*. First, in *Doria*, the court found "that the TOA expressly disclaims any intent for the contract to benefit [plaintiff]" and therefore dismissed the plaintiff's third-party beneficiary claim with prejudice. 2019 WL 13151601, at *7. Second, Defendant cites *Gayou v. Celebrity Cruises, Inc.*, in which the Court found that "[n]ot only does the contract expressly disclaim any intent to provide third parties with "any remedy, claim, right or action or other right," but the Court is also unable to find any provision of the contract from which to infer any intent to directly benefit Gayou, as a cruise ship passenger." No. 11-CV-23359, 2012 WL 2049431, at *11 (S.D. Fla. June 5, 2012); *see also Zapata v. Royal Caribbean Cruises, Ltd.*, No. 12-CV-21897, 2013 WL 1296298, at *6 (S.D. Fla. Mar. 27, 2013) (dismissing third-party beneficiary claim with prejudice because the agreement "expressly disclaims any intent to benefit Plaintiff.").

Plaintiff responds, asserting that in addition to the disclaimer, the TOA also provides language including multiple arrangements to be made on Defendants' Passengers' behalf. ECF No. [17] at 18 (citing ECF No. [12-4]). Plaintiff argues that in light of those paragraphs it is "abundantly clear from the contractual language" that the contract's purpose was to confer "a benefit on the third party, the Plaintiff." *Id*. at 19.

18

Defendant offers additional authority and argument, relying on *Zhang*, where the Court found that "allegations that a contract requires excursion operators to maintain insurance and exercise reasonable care, 'fail to satisfy the pleading requirements because they do not clearly and specifically express a [d]efendant['s] intent to primarily and directly benefit a [p]laintiff[ ].'" *Zhang*, 2019 WL 8895223, at *7 (quoting *Finkelstein v. Carnival Corp.*, No. 14-CV-24005-UU, 2015 WL 12765434, at *4 (S.D. Fla. Jan. 20, 2015) (alterations in original)). Here too, Plaintiff's Complaint does not clearly and specifically allege Defendant's intent to benefit Plaintiff primarily and directly. *See* ECF No. [1]. The allegations therefore fail to satisfy the pleading requirements. Plaintiff does not address Defendant's citation to that authority. In light of the cases cited, the specific disclaimer, and the deficiency in the allegations, dismissal of Count X is warranted.

## I.   **Count XI:  Breach of Non-Delegable Duty**

Finally, Defendant argues that Count XI should be dismissed because Plaintiff's contention that Defendant owed a non-delegable contractual duty to provide a reasonably safe excursion "is not supported by the law." ECF No. [12] at 18. Plaintiff responds that her claim for breach of a non-delegable duty is properly pled. ECF No. [17] at 19.

Defendant specifically argues that the allegations in the Complaint are insufficient to support a claim that it undertook heightened duties of care. Defendant contends that because Plaintiff "failed to sufficiently plead the existence of any express provision(s) in the shore excursion ticket that [Defendant] purportedly breached, Plaintiff's claim fails as a matter of law." ECF No. [12] at 19. Defendant cites multiple cases in which courts in this circuit have held that contract claims cannot be implied and must arise explicitly. *See Gentry v. Carnival Corp.*, No. 11-21580-CIV, 2011 WL 4737062, at *9 (S.D. Fla. Oct. 5, 2011) (finding that the complaint's lack of allegations of contractual obligations weighed in favor of dismissing a breach of contract claim);

*Isberner v. Celebrity Cruises, Inc.*, No. 06-60447 CIV, at *3-4 2006 WL 4005569 (S.D. Fla. Dec. 21, 2006) (dismissing contract claim with prejudice where the contract at issue "does not contain, nor does Plaintiff actually allege the existence of, an express provision guaranteeing safe passage on the excursion"); *Doonan v. Carnival Corp.*, 404 F. Supp. 2d 1367, 1373 (S.D. Fla. 2005) (dismissing breach of contract claim because the plaintiff did "not allege the existence of a express provision guaranteeing safe passage" but "argued an implied contract was created"). Here, as in the cases cited by Defendant, Plaintiff did not allege that the shore excursion ticket contained a provision guaranteeing a safe excursion. *See* ECF No. [1]. There is also no such provision on the shore excursion ticket itself. *See* ECF No. [12-3].

Plaintiff cites to *Bailey*, where the court held that the plaintiff sufficiently alleged defendant's breach of a contractually established non-delegable duty. 369 F. Supp. 3d 1302, 1309. There the court reasoned that because the plaintiff alleged the existence of a contractually created duty, the claim was sufficiently pled "to proceed past the motion to dismiss stage." *Id*. Plaintiff also cites to *Witover v. Celebrity Cruises, Inc.*, where another court in this district similarly ruled against a cruise line's motion to dismiss a non-delegable duty claim. 161 F. Supp. 3d 1139, 1145-46 (S.D. Fla. 2016). In that case the court found that "Plaintiff not only entered into a contract for the sale of a shore excursion, but also purportedly contracted with Celebrity for a handicapped-accessible shore excursion." *Id*. at 1146. The court found the allegations that the "contract was orally modified to include a guarantee that the excursion was handicapped accessible are sufficient to survive a motion to dismiss." *Id*.

Defendant points out that both cases cited by Plaintiff are distinguishable because each involved oral modifications of the excursion ticket contract; here, Plaintiff has not alleged any oral modification. ECF No. [12] at 19; *see* ECF No. [1]. Another court in this district did find *Bailey*

*and Witover* distinguishable from general allegations of breach of a non-delegable duty where no oral modification was alleged. *See Singh v. Royal Caribbean Cruises Ltd.*, 576 F. Supp. 3d 1166, 1191 (S.D. Fla. 2021). The *Singh* court held that because "Plaintiff does not allege that RCL made specific representations like the ones in *Bailey* and *Witover*, so as to orally modify the excursion contract" or that the plaintiff had communicated any special needs to the cruise line and received reassurances that the excursion would be safe given the particular circumstances, the case was distinguishable. *Id*. The *Singh* court dismissed the non-delegable duty claim without prejudice. In *Barham v. Royal Caribbean Cruises Ltd.*, another court in this district drew the same distinction as the *Singh* court and dismissed a plaintiff's claim for breach of a non-delegable duty. 556 F. Supp. 3d 1318, 1332 (S.D. Fla. 2021), *appeal dismissed,* No. 21-13119-JJ, 2021 WL 6197353 (11th Cir. Nov. 22, 2021)

Because Plaintiff does not allege that there was an explicit contractual provision providing for a safe excursion and does not assert that she orally modified the excursion contract or received any specific assurances as to special needs communicated by her to Defendant, the Court finds that dismissal of Count XI is warranted.

## IV.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion, **ECF No. [12]**, is **GRANTED IN PART and DENIED IN PART** consistent with this Order.

2. Counts IX, X and XI of Plaintiff's Complaint, ECF No. [1], are **DISMISSED**.

3. Defendant shall file an Answer to the remaining Counts in Plaintiff's Complaint by **August 7, 2023**.

Case No. 23-cv-21014-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 26, 2023.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record